
**STARK & STARK**
40 Lake Center
401 NJ-73, Suite 130
Marlton, New Jersey 08053
856-552-4477
Tommie Ann Gibney, Esquire
Attorney No. TG9409
Attorneys for Plaintiff

## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| MARYLYNN HOPKINS,<br><br>        Plaintiff<br><br>    vs.<br><br>ANVAR BOYMETOV, STL TRUCKERS, LLC, ABC COMPANY and/or JOHN DOE I-III,<br><br>        Defendant(s) | CIVIL ACTION NO:<br><br>Civil Action<br><br>**COMPLAINT AND JURY DEMAND/CERTIFICATION OF PHYSICIAN PURSUANT TO THE AUTOMOBILE INSURANCE COST REDUCTION ACT, N.J.S.A. 39:6A-8(a)** |

The plaintiff, Marylynn Hopkins, residing in Gloucester City, Camden County, New Jersey, by way of Complaint against the defendants, says:

### JURISDICTION

1. At all times relevant hereto, plaintiff, Marylynn Hopkins, was a resident and citizen of Gloucester City, Camden County, State of New Jersey.

2. At all times relevant hereto, defendant, Anvar Boymetov, was a resident and citizen of the city of Philadelphia, Philadelphia County, Commonwealth of Pennsylvania.

3. At all times relevant hereto, defendant, Anvar Boymetov, was the permissive operator of a vehicle owned by defendant, STL Truckers, LLC.

4. At all times relevant hereto, defendant, Anvar Boymetov, was in the course of his employment with defendant, STL Truckers, LLC and/or ABC Company.

5. At all times relevant hereto, defendant, STL Truckers, LLC, was a limited liability corporation located in the city of Saint Charles, State of Missouri, which maintained a principal place of business at 3088 Elm Point Industrial Drive, Saint Charles, Missouri.

6. At all times relevant hereto, ABC Company and/or John Doe 1-3 (fictitious names) were individuals and/or entities, presently unknown, who owned and/or operated a vehicle or for whom a vehicle was being operated at the time of the subject collision.

7. On or about December 11, 2019, a collision occurred between the vehicle operated by defendant, Anvar Boymetov, and the vehicle operated by the plaintiff, Marylynn Hopkins, in the southbound lanes of the John F.

STARK & STARK
ATTORNEYS AT LAW

4869-4548-0196, v. 1

Kennedy Memorial Highway (I-95), in the City of New Castle, New Castle County, State of Delaware.

8. As a result of the collision, plaintiff, Marylynn Hopkins, sustained significant, permanent bodily injury and medical expenses.

9. Jurisdiction is vested in the United States District Court for the District of New Jersey pursuant to 28 U.S.C. Section 1332 as there is complete diversity between plaintiff and all defendants and the matter in controversy exceeds the sum of $75,000.00, exclusive of interest and costs.

**VENUE**

Venue is properly laid because the plaintiff is a citizen and resident of the State of New Jersey in this judicial district.

**FIRST COUNT**

1. On or about December 11, 2019, the plaintiff, Marylynn Hopkins, was the operator of a motor vehicle which was traveling south on I-95 in New Castle, Delaware.

2. At the same time and place, the defendant, Anvar Boymetov, was the operator of a motor vehicle owned by defendant, STL Truckers, LLC, which was traveling south on I-95 in New Castle, Delaware.

STARK & STARK
ATTORNEYS AT LAW

3

4869-4548-0196, v. 1

3. A collision occurred between the vehicle operated by the defendant, Anvar Boymetov, and the vehicle operated by the plaintiff, Marylynn Hopkins.

4. The defendant, Anvar Boymetov, so negligently and carelessly operated his motor vehicle so as to cause a collision involving the plaintiff.

5. As a direct and proximate result of the negligence and carelessness of the defendant, Anvar Boymetov, the plaintiff, Marylynn Hopkins, suffered permanent injuries whereby body part(s) or organ(s) or both, have not healed to function normally and will not heal to function normally with further medical treatment, which injuries required medical treatment, caused pain, suffering, disability and impairment, resulted in medical expenses and other economic losses, caused the loss of enjoyment of life, incapacitated plaintiff from pursuing normal employment and other usual activities and will in the future require additional medical treatment and result in additional economic losses as well as continuing pain and suffering, disability, impairment and loss of enjoyment of life.

WHEREFORE, the plaintiff, Marylynn Hopkins, demands judgment against the defendant, Anvar Boymetov and STL Truckers, LLC, for damages, counsel fees, interest and costs of suit.

STARK & STARK
ATTORNEYS AT LAW

4

4869-4548-0196, v. 1

## SECOND COUNT

1. Plaintiff repeats the allegations contained in the First Count of the Complaint and repeats and realleges each as if set forth fully herein.

2. On or about December 11, 2019, the plaintiff, Marylynn Hopkins, was the operator of a motor vehicle which was traveling south on I-95 in New Castle, Delaware.

3. At the same time and place, the defendant, Anvar Boymetov, was the operator of a motor vehicle owned by defendant, STL Truckers, LLC, which was traveling south on I-95 in New Castle, Delaware.

4. At that time and place, defendant, Anvar Boymetov, was the operator of a motor vehicle owned by defendant, STL Truckers, LLC, as a permissive user of said vehicle.

5. A collision occurred between the vehicle operated by the defendant, Anvar Boymetov, and the vehicle operated by the plaintiff, Marylynn Hopkins.

6. The defendant, Anvar Boymetov, so negligently and carelessly operated his motor vehicle so as to cause a collision involving the plaintiff.

7. At that time and place, defendant, Anvar Boymetov, was acting as the agent, employee, servant and/or representative of defendant(s), STL Truckers, LLC and/or ABC Company.

STARK & STARK
ATTORNEYS AT LAW

4869-4548-0196, v. 1

5

8. The defendant(s), STL Truckers, LLC and/or ABC Company, was/were legally obligated to screen, hire, train, employ, supervise and manage its agents, employees, servants and/or representatives, including defendant, Anvar Boymetov.

9. The defendant(s), STL Truckers, LLC and/or ABC Company, failed to properly screen, hire, train, employ, supervise and manage its agents, employees, servants and/or representatives, including defendant, Anvar Boymetov.

10. The defendant(s), STL Truckers, LLC and/or ABC Company, is/are liable for the acts and omissions of its agents, employees, servants and/or representatives, including, defendant, Anvar Boymetov under the doctrine of *respondeat superior* and/or was itself/themselves otherwise negligent.

11. As a direct and proximate result of the negligence and carelessness of the defendant, Anvar Boymetov, the plaintiff, Marylynn Hopkins, suffered permanent injuries whereby body part(s) or organ(s) or both, have not healed to function normally and will not heal to function normally with further medical treatment, which injuries required medical treatment, caused pain, suffering, disability and impairment, resulted in medical expenses and other economic losses, caused the loss of enjoyment

of life, incapacitated plaintiff from pursuing normal employment and other usual activities and will in the future require additional medical treatment and result in additional economic losses as well as continuing pain and suffering, disability, impairment and loss of enjoyment of life.

WHEREFORE, the plaintiff, Marylynn Hopkins, demands judgment against the defendants, Anvar Boymetov, STL Truckers, LLC and/or ABC Company, for damages, counsel fees, interest and costs of suit.

### THIRD COUNT

1. Plaintiff repeats the allegations contained in the receding counts of the Complaint and repeats and realleges each as if set forth fully herein.
2. The defendant, John Doe I, is the fictitious name for an individual, the identity of whom is currently unknown, who was driving a vehicle at the time of the accident which is the subject matter of this cause of action.
3. The presently unidentified defendant, John Doe I, so negligently and carelessly operated his/her/their motor vehicle so as to cause the accident which is the subject matter of this cause of action.
4. As a direct and proximate result of the negligence and carelessness of the defendant, John Doe I, the plaintiff,

STARK & STARK
ATTORNEYS AT LAW

7

4869-4548-0196, v. 1

Marylynn Hopkins, suffered permanent injuries whereby body part(s) or organ(s) or both, have not healed to function normally and will not heal to function normally with further medical treatment, which injuries required medical treatment, caused pain, suffering, disability and impairment, resulted in medical expenses and other economic losses, caused the loss of enjoyment of life, incapacitated plaintiff from pursuing normal employment and other usual activities and will in the future require additional medical treatment and result in additional economic losses as well as continuing pain and suffering, disability, impairment and loss of enjoyment of life.

WHEREFORE, the plaintiff, Marylynn Hopkins, demands judgment against the defendant, John Doe I, for damages, counsel fees, interest, and costs of suit.

### FOURTH COUNT

1. Plaintiff repeats the allegations contained in the receding counts of the Complaint and repeats and realleges each as if set forth fully herein.

2. The defendant, John Doe II, is the fictitious name for an individual or entity, the identity of whom is currently unknown, who was the owner of a vehicle at the time of the accident which is the subject matter of this cause of action.

STARK & STARK
ATTORNEYS AT LAW

8

4869-4548-0196, v. 1

3. At all times relevant hereto, the vehicle owned by the defendant, John Doe II, was being operated by an individual with the permission of the owner, John Doe II.

4. At all times relevant hereto, the vehicle owned by the defendant, John Doe II, was being operated by an individual as his/her/their or its agent, servant and/or employee within the scope of said agency or employment.

5. Defendant, John Doe II, is/are liable for the acts and omissions of its agents, servants, and/or employees under the doctrine of *respondeat superior* and/or was itself/themselves otherwise negligent.

6. As a direct and proximate result of the negligence and carelessness of the agent, servant, representative and/or employee of defendant, John Doe II, the plaintiff, Marylynn Hopkins, suffered permanent injuries whereby body part(s) or organ(s) or both, have not healed to function normally and will not heal to function normally with further medical treatment, which injuries required medical treatment, caused pain, suffering, disability and impairment, resulted in medical expenses and other economic losses, caused the loss of enjoyment of life, incapacitated plaintiff from pursuing normal employment and other usual activities and will in the future require additional medical treatment and result in additional

STARK & STARK
ATTORNEYS AT LAW

economic losses as well as continuing pain and suffering, disability, impairment and loss of enjoyment of life.

WHEREFORE, the plaintiff, Marylynn Hopkins, demands judgment against the defendant, John Doe II, for damages, counsel fees, interest, and costs of suit.

## FIFTH COUNT

1. Plaintiff repeats the allegations contained in the receding counts of the Complaint and repeats and realleges each as if set forth fully herein.

2. The plaintiffs repeat the allegations of all preceding counts of the Complaint in their entirety and incorporate same by reference.

3. The defendant, John Doe III, is the fictitious name for an individual or entity, the identity of whom is currently unknown, for whom a vehicle was being operated at the time of the accident which is the subject matter of this cause of action.

4. At all times relevant hereto, the vehicle being operated on behalf of defendant John Doe III, was being operated by an individual as his/her/their or its agent, servant and/or employee within the scope of said agency or employment.

5. Defendant, John Doe III, is/are liable for the acts and omissions of its agents, servants, and/or employees under

STARK & STARK
ATTORNEYS AT LAW

10

4869-4548-0196, v. 1

the doctrine of *respondeat superior* and/or was itself/themselves otherwise negligent.

6. As a direct and proximate result of the negligence and carelessness of the agent, servant, representative and/or employee of defendant, John Doe III, the plaintiff, Marylynn Hopkins, suffered permanent injuries whereby body part(s) or organ(s) or both, have not healed to function normally and will not heal to function normally with further medical treatment, which injuries required medical treatment, caused pain, suffering, disability and impairment, resulted in medical expenses and other economic losses, caused the loss of enjoyment of life, incapacitated plaintiff from pursuing normal employment and other usual activities and will in the future require additional medical treatment and result in additional economic losses as well as continuing pain and suffering, disability, impairment and loss of enjoyment of life.

WHEREFORE, the plaintiff, Marylynn Hopkins, demands judgment against the defendant, John Doe III, for damages, counsel fees, interest, and costs of suit.

### JURY DEMAND

The plaintiff, Marylynn Hopkins, hereby demands a trial by jury as to all issues pursuant to F.R.C.P. 38.

STARK & STARK
ATTORNEYS AT LAW

11

4869-4548-0196, v. 1

## DESIGNATION OF TRIAL COUNSEL

Tommie Ann Gibney, Esquire, is hereby designated as trial counsel on behalf of the plaintiff.

## CERTIFICATION

In accordance with F.R.C.P. 11, the undersigned hereby certifies as follows:

1. I have read the content of the above pleading.

2. To the best of my knowledge, information and/or belief, formed after reasonable inquiry, this pleading is well grounded in fact and warranted by existing law or a good-faith argument for the extension, modification or reversal of existing law.

3. It is not intended for any improper purpose such as to harass or to cause unnecessary delay or cost to litigation.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

STARK & STARK
A Professional Corporation
ATTORNEYS FOR PLAINTIFF

BY: _____
TOMMIE ANN GIBNEY, ESQ. (TG9409)

DATED:

STARK & STARK
ATTORNEYS AT LAW

4869-4548-0196, v. 1